## CHAS. H. LILLY CO. v. LOUKO.
### No. 9582.

Circuit Court of Appeals, Ninth Circuit.
May 22, 1941.

Jones & Bronson, Story Birdseye, and Paul Bliven, all of Seattle, Wash., for appellant.

Wilkinson & Langsdorf, of Vancouver, Wash. (Loyal H. McCarthy, of Portland, Or., of counsel), for appellee.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a judgment for the defendant rendered in an action for an infringement of United States Patent No. 1,618,702, which was issued to Martin J. Forsell, and by him assigned to the plaintiff. This patent is for a composition of matter in the nature of an insecticide which is especially adopted for use in the destruction of strawberry weevils. The claims of the patent are but two in number and are as follows:

"1. An insecticide consisting of powdered apple and powdered poison that has been mixed so that the particles of the apple and poison have been thoroughly coated with one another.

"2. An insecticide consisting of a derivative of apple in powdered form and powdered poison, mixed so that the particles of the derivative of apple and poison have been thoroughly coated with one another."

The weevil bait made by the appellee and alleged to be an infringement is a wet bait made from apples sliced, dried and run once through a machine similar to an ordinary meat grinder. This machine has a special or worm type feed which drives the apple slices through cylindrical holes in the head of the machine. The emerging ground apple is sliced into pellets by a revolving knife which turns with the worm. The diameter of these pellets is 17/64 of an inch and they vary in length up to an inch in length.

These pellets are then put into a barrel with powdered poison and mixed therewith by a zig-zag movement of the barrel.

Appellee does not contest the validity of the patent, but he denied that there was an infringement. The essential facts are not

in dispute. The only question is whether they show an infringement. We are not here concerned with any "derivative of apple" and, therefore, the patent's second claim is not involved. Consequently, the only question is as to whether there is an infringement of the first claim.

■■ The first claim specifies that the particles of apple and poison are mixed so as to be "thoroughly coated with one another". We are unable to apply this description literally and think it can mean no more than such a thorough coating of the apple with poison that an insect eating a particle of apple would necessarily eat the poison at the same time. There is no question as to what is meant by "powdered poison"; it seems to be assumed by both parties that the poison particles are pulverized as they commonly are. Hence, there is one narrow question. What is meant by "powdered apple" as used in the first claim?

Appellant offered expert testimony to the effect that the word "powdered" covers a very wide range, that "powdering" means "crushing until you get a smaller size than the original"; but that is covering so wide a range as to cause the word to lose its common significance. Nor are we impressed by the argument that there is a commercial product known as "powdered leather", in which there are coarse, fibrous pieces, some of them half an inch long. A similar argument might be based upon the word gunpowder; but we cannot base a definition of "powdered" upon a trade-name applied to a particular product. The Century Dictionary thus defines powder: "Fine, minute, loose, uncompacted particles, such as result from pounding or grinding solid substance; dust."

■ We believe that this definition accurately expresses the meaning of the word "powder" as it is commonly used. That meaning makes it impossible to characterize as "powdered" what the District Court aptly described as "moist porous cylindrically formed apple chop products".

Finally, appellant argues that since the patent law requires that: "That interpretation which sustains and vitalizes the grant should be preferred to that which strikes down and paralyzes it". The interpretation given by the District Court must be rejected since, if upheld, it would render this patent worthless. That argument would be more convincing if the language used were ambiguous, but, the word "powdered" is clear and plain. Moreover, if we were to give it such an interpretation as would give appellant the desired protection we should be stretching its meaning so far as to give appellant a monopoly of the long known and clearly unpatentable process of using crushed apple as a poison bait. Appellee has a patent covering the mixture of powdered apple with powdered poison and that is all.

Affirmed.